UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
SCOTT BINGHAM,                        )
                                                )
        Plaintiff,                 )
                                                )
v.                         )    Civil Action No. 05-0475 (PLF)
                                                )
UNITED STATES DEPARTMENT    )
        OF JUSTICE, et al.,                 )
                                                )
        Defendants.               )
_____)

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion for summary judgment.[1] After consideration of the motion, plaintiff's opposition, and defendants' reply, along with the declarations filed by the defendants, the Court will grant defendants' motion.

### I. BACKGROUND

Plaintiff brought this action against the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") pursuant to the Freedom of Information

---

[1] The briefs submitted in connection with this motion include: Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment ("Mot."); Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Opp."); and Defendants' Reply Brief in Further Support of Defendants' Motion for Summary Judgment ("Reply").

The relevant declarations submitted by defendants in connection with their motion include: Declaration of David M. Hardy, Exh. 1 to Mot. ("Hardy Decl."); Declaration of Jacqueline Maguire, Exh. 4 to Reply ("Maguire Decl."); and Second Declaration of David M. Hardy, Exh. 5 to Reply ("Second Hardy Decl.").

Act ("FOIA"), 5 U.S.C. § 552, seeking "certain videotapes believed to be in the FBI's possession that captured the impact of Flight 77 hitting the Pentagon on September 11, 2001." Complaint ¶ 1. Plaintiff's FOIA request mentioned specifically that "two of the videotapes were from closed-circuit televisions at the Citgo Gas Station and the Sheraton National Hotel, both located in Arlington, Virginia," and "[t]hese videotapes, I believe, were confiscated by the FBI on September 11, 2001." Plaintiff's FOIA Request, Exh. 1-A to Mot ("FOIA Request"). Defendants move for summary judgment, arguing that their search was adequate and produced only one responsive record, a "CD-ROM of time-lapse images from Pentagon security cameras[.]" Mot. at 1. That record was originally withheld under Exemption 7(A) to the FOIA, but subsequently has been produced to plaintiff. See Defendants' December 15, 2006 Response to the Court's Order to Show Cause. The only remaining issue, therefore, is whether the defendants conducted an adequate search for responsive documents.

    The FBI maintains a number of records systems and indices, including: a Central Records System ("CRS"), which has General Indices associated with it; an Automated Case Support ("ACS") system, with Investigative Case Management, Electronic Case File and Universal Index applications; and Electronic Surveillance ("ELSUR") indices. See Mot. at 6; Hardy Decl. ¶¶ 11-20. The CRS indices had been searched in March of 2003. See Second Hardy Decl. ¶ 5; see also Hardy Decl. ¶ 21. In response to plaintiff's FOIA request, the FBI also searched the ELSUR indices. See Second Hardy Decl. ¶ 5; see also Hardy Decl. ¶ 21. None of the automated searches revealed the existence of any video recordings responsive to plaintiff's request, and the FBI so informed plaintiff by letter. See November 3, 2004 letter from David M.

Hardy to Scott Hodes, Exh. 1-C to Mot; Complaint ¶ 11.  Plaintiff administratively appealed. See November 17, 2004 letter from Scott Hodes to DOJ Office of Information and Privacy, Exh. 1-D to Mot; Complaint ¶ 13.  The FBI then conducted more searches of the CRS system, see Second Hardy Decl. ¶ 6, and the FBI's "Record Information Dissemination Section made contact with Special Agent personnel of the Counterterrorism Division" and "determined that the FBI had one record responsive to plaintiff's FOIA request."  Hardy Decl. ¶ 23; see also March 7, 2005 Letter from Richard Huff to Scott Hodes, Exh. 1-F to Mot.  As noted above, that record was originally withheld but now has been produced to the plaintiff.  See Defendants' December 15, 2006 Response to the Court's Order to Show Cause.

## II.  DISCUSSION

### A.  Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P.  56(c). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts

showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. "[A]ny factual assertions in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

FOIA cases appropriately may be decided on motions for summary judgment. Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993); Farrugia v. Executive Office for United States Attorneys, Civil Action No. 04-0294, 2006 WL 335771 at *3 (D.D.C. Feb. 14, 2006); Rushford v. Civiletti, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations are "relatively detailed and non-conclusory," SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974); Hertzberg v. Veneman, 273 F. Supp. 2d 67, 74 (D.D.C. 2003). Summary judgment with respect to the adequacy of a search "may be based on affidavit, if the declaration sets forth sufficiently detailed information for a court to determine if the search was adequate." Students Against Genocide v. U.S. Dep't of

State, 257 F.3d 828, 838 (D.C. Cir. 2001) (internal quotations and citations omitted); see also Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999).

### B. Adequacy of Search

In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. See Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998); Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). To prevail on a motion for summary judgment, an agency must show that it "has conducted a search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 552 (D.C. Cir. 1994) (internal quotations and citation omitted); see also Oglesby v. U.S. Dep't of the Army, 920 F.2d at 68 (agency required only to make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested"); accord Students Against Genocide v. U.S. Dep't of State, 257 F.3d at 838 (same). As plaintiff himself points out, "the question is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Opp. at 2 (quoting and citing Steinberg v. U.S. Dep't of Justice, 23 F.3d at 551).

In his opposition to defendants' motion for summary judgment, plaintiff argues that defendants' search was inadequate because defendants' description of its search is inadequate, see Opp. at 3-4, and that the defendants' declarant, David Hardy, is not competent because his employment with the FBI began "well after September 11, 2001" and he does not "explain how he possesses knowledge of the FBI's 9/11 investigatory records[.]" Id. at 4.

Plaintiff also complains that the FBI did not produce videotapes from the Citgo Gas Station in response to his FOIA request.  Id.

Defendants persuasively counter plaintiff's objections in their reply brief. Defendants note that more than one record system was searched, which is how the responsive record was located.  See Reply at 2.  Defendants also attach to their reply brief a declaration from the "Special Agent personnel" referenced in their motion, describing responses to requests for information as a result of plaintiff's FOIA request.  See Maguire Decl. ¶¶ 4, 11-16.  More specifically, Special Agent Maguire described her search: "I subsequently searched a series of FBI evidence databases, including the FBI's Electronic Case File System and the FBI's Investigative Case Management System, and determined that the FBI possessed eighty-five (85) videotapes that might be potentially responsive to plaintiff's FOIA request." Id. ¶ 11.  Special Agent Maguire then declared that she determined through "chain of custody and other supporting documentation associated with each videotape" that fifty-six of the videotapes were not of the Pentagon on September 11, 2001.  Id. ¶ 12.  She personally viewed the remaining twenty-nine videos to determine their responsiveness to plaintiff's request.  See id. ¶ 13.  She determined that sixteen of the tapes did not show the Pentagon crash site but that thirteen did.  See id. ¶¶ 13-14.  Of the thirteen, twelve only showed the Pentagon *after* the impact of Flight 77.  See id. ¶ 14.  The one remaining tape showed the impact of Flight 77 into the Pentagon on September 11, 2001. See id.; see also Hardy Decl. ¶ 23.  While that tape initially was withheld, it subsequently was turned over to plaintiff.  See Defendants' December 15, 2006 Response to the Court's Order to Show Cause; see supra at 2.  Special Agent Maguire also located a videotape from the Citgo Gas

Station in Arlington, Virginia and had it taken to the FBI's Forensic Audio-Video Image Analysis Unit, which determined that it did not show the impact of Flight 77 into the Pentagon. See Maguire Decl. ¶ 15. Because the Citgo video did not show the impact of Flight 77 into the Pentagon, it is not responsive to plaintiff's request. See FOIA Request ("I seek any videotapes in the possession of the FBI that may have captured *the impact of* Flight 77 into the Pentagon[.]") (emphasis added). Special Agent Maguire searched for and was not able to locate video from the Sheraton National Hotel in Arlington, Virginia. See Maguire Decl. ¶ 16.

With respect to plaintiff's argument that defendants' declarant, David Hardy, is not competent because his employment with the FBI began "well after September 11, 2001," and he does not "explain how he possesses knowledge of the FBI's 9/11 investigatory records," Opp. at 4, defendants' reply that "plaintiff presents no support for the proposition that a competent declarant must be one whose employment is coterminous with the temporal scope of the requested records." Reply at 4.[2] Defendants note that the "FOIA contains no such requirement, which would be an onerous and unnecessary burden in cases concerning records of historical interest." Id. The Court agrees. As this Court has held, the "FOIA does not impose an obligation on defendant to contact former employees to determine whether they know of the whereabouts of records that might be responsive to a FOIA request." Blanton v. U.S. Dep't of Justice, 182 F. Supp. 2d 81, 85 (D.D.C. 2002), *aff'd on other grounds* 64 Fed. Appx. 787 (D.C. Cir. 2003). The Court concludes that a declarant with sufficient knowledge of the subject matter

---

[2] Defendants also supplement the Hardy declaration with the declaration of Jacqueline Maguire just discussed.

of his or her declaration, therefore, need not have been employed by the responding agency at the time of the facts underlying the requested records.  See id.; see also Valencia-Lucena v. U.S. Coast Guard, 180 F.3d at 328.

It is apparent from the record that defendants have made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." Oglesby v. U.S. Dep't of the Army, 920 F.2d at 68; see also Brunetti v. Federal Bureau of Investigation, 357 F. Supp. 2d 97, 103 (D.D.C. 2004) (finding search of CRS indices and automated systems adequate); Canning v. U.S. Dep't of Justice, 848 F. Supp. 1037, 1051 (D.D.C. 1994) (finding search adequate when affidavit indicated that FBI's Central Record System and General Indices were searched and plaintiff's specific request that the ELSUR indices be searched was honored).  As such, the Court concludes that defendants' searches for records requested by plaintiff were adequate to fulfill defendants' obligations under the FOIA.

The Court therefore will grant defendants' motion for summary judgment.  An Order consistent with this Memorandum Opinion will issue this same day.

```
             ___/s/_____
             PAUL L. FRIEDMAN
             United States District Judge
```

DATE:  December 29, 2006